UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BUC-EE'S, LTD.<br><br>**Plaintiff,**<br><br>v.<br><br>BUKYS LLC<br><br>**Defendant.** | CIVIL ACTION No. 4:21-cv-3455<br><br>Jury Trial Demanded |

**PLAINTIFF BUC-EE'S, LTD.'S ORIGINAL COMPLAINT**

Plaintiff, Buc-ee's, Ltd. ("Buc-ee's" or "Plaintiff"), for its original complaint against Defendant BUKYS LLC ("Defendant"), alleges as follows:

### Nature of Action

1. This is an action for trademark infringement, trademark dilution, unfair competition and false designation of origin, and unjust enrichment. This action arises under the Texas Business and Commerce Code, the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), and federal and state common law, including the law of the State of Texas.

2. This case involves Defendant's advertising, selling, promoting and/or operating convenience stores and related goods and services using infringing, confusingly similar, diluting and otherwise violating words and designs, including the word "BUKYS," including in a stylized form similar to Buc-ee's marks. Defendant's actions are likely to cause confusion in the marketplace and dilution of Buc-ee's trademarks. Defendant's actions also amount to unfair competition and unjust enrichment.

3. Defendant has copied and usurped trademarks that make Buc-ee's stores and goods and services immediately identifiable and unique. Defendant's conduct is unlawful and Buc-ee's seeks the full range of remedies provided by law.

**The Parties**

4. Plaintiff Buc-ee's, Ltd., is a Texas limited partnership, having a principal place of business at 327 FM 2004, Lake Jackson, Texas 77566.

5. On information and belief, Defendant BUKYS LLC is a limited liability company organized under the laws of the State of Texas and having a company address of 1110 Palacios St., El Campo, TX 77437.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

7. This Court has personal jurisdiction over Defendant due to its intentional contacts with this forum, including at least its tortious acts giving rise to this lawsuit within this District, Defendant's conduct of business within the state of Texas and this District, the likely confusion, dilution, improper actions and resulting damage to Buc-ee's that has occurred in Texas and this District, and Defendant's residency within Texas, and within this District.  The registered agent for Defendant is Saarim Damani, 1110 Palacios St., El Campo, TX 77437.  Upon information and belief, Defendant is at least involved in the advertising, selling, promotion and/or operation of convenience stores and related goods and services, including "BUKYS" convenience stores located at 2119 and/or 2111 Avenue G, Rosenberg, Texas 77471 and 1110 Palacios Street #A, El Campo, Texas 77437.

8. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b), (c), and (d).

**General Allegations – the Buc-ee's Trademarks**

9. For nearly four decades, Buc-ee's has offered quality convenience store and gas

station services and has offered quality products to the public under the "Buc-ee's" brand and name. An example of Buc-ee's use of its "Buc-ee's" brand and name is shown below:



In this example, the "Buc-ee's" name is in stylized block lettering with enlarged red letters with the first letter "B" and the last letter "S" emphasized from the other letters and with the name in a generally arced shape. Buc-ee's uses additional examples of its brand and name, including those described in Buc-ee's trademark registrations below.

10. As a result of Buc-ee's uses of its marks, Buc-ee's has become a household name across Texas and other states. Buc-ee's started as a single convenience store in Lake Jackson, Brazoria County, Texas, and has now established its famous presence across the State and beyond, with more than thirty stores operating across Texas, in such cities as Richmond, Wharton, Katy, and of course Lake Jackson. Buc-ee's has prided itself in providing premium goods and services to its customers, standing by its motto of "Clean, Friendly, and In Stock.$^{SM}$" The original iconic Buc-ee's trademarks have been in continuous service since at least July 1982.

11. Because of Buc-ee's extensive and long-standing use and promotion of the "Buc-ee's" brand and name in Texas and elsewhere, consumers have come to associate the "Buc-ee's" brand and name as source identifiers of Buc-ee's. Buc-ee's owns registered and common law trademark rights in the "Buc-ee's" trademark, both in plain text and stylized block lettering

(collectively, Buc-ee's registered and common law trademark rights in the word "Buc-ee's" – both in plain text and stylized block lettering – are hereafter referred to as the "Buc-ee's Trademarks"). For example, Buc-ee's owns trademark rights granted via Texas Trademark Registration Nos. TX 45055, and U.S. Federal Trademark Registration Nos. 3,763,277, 4,973,184, 4,007,063, and 4,316,457, which consist of or include the mark "Buc-ee's." Images follow below in a table listing the relevant Buc-ee's registrations, which are attached to this Complaint as Exhibits 1-5, as indicated below:

| Registration No. | Mark | Exhibit |
|---|---|---|
| TX 45055 | BUC-EE'S | 1 |
| 3,763,277 | BUC-EE'S | 2 |
| 4,973,184 | BUC-EE'S | 3 |
| 4,007,063 | BUC-EE'S | 4 |
| 4,316,457 | BUC-EE'S (stylized) | 5 |

12.  Buc-ee's registrations are directed to a variety of goods and services, including, for example, registrations directed to retail store services featuring convenience store items and gasoline, as well as retail store services for other goods.

13.  As a result of Buc-ee's extensive use of the Buc-ee's Trademarks, including in its advertising and promotion of Buc-ee's products and services, as well as Buc-ee's investment in the Buc-ee's Trademarks, Buc-ee's has developed and continues to maintain highly valuable trademark rights and significant goodwill in the Buc-ee's Trademarks. Through extensive, continuous, and substantially exclusive use, the Buc-ee's Trademarks have become well-known indicators of the origin and quality of the Buc-ee's goods and services offered at its locations, and the products and services of Buc-ee's promoted under the Buc-ee's Trademarks have become

favorably accepted by the consuming public. The Buc-ee's Trademarks have also acquired substantial secondary meaning in Texas and elsewhere, as consumers have come to uniquely associate them as source identifiers of Buc-ee's in Texas, including geographic areas within Texas such as this District, and elsewhere.

14. The Buc-ee's Trademarks have also become famous within Texas and elsewhere due to at least nearly 40 years of extensive, continuous, and substantially exclusive promotion and use of the Buc-ee's Trademarks within the State of Texas and elsewhere. Through that extensive, continuous, and substantially exclusive use, the Buc-ee's Trademarks have become famous and well-known indicators of the origin and quality of Buc-ee's products and services, and the Buc-ee's Trademarks are widely recognized by the public throughout Texas and elsewhere as well as in geographic areas within Texas, including this District, as a designation of source.

15. In view of its investment and strong reputation, Buc-ee's takes seriously the need to protect the Buc-ee's Trademarks and the valuable goodwill associated with the Buc-ee's Trademarks.

**General Allegations – Defendant's Unlawful Activities**

16. Defendant has been using the term "BUKYS," including in stylized block lettering, (the "BUKYS Uses") that are confusingly similar to and dilutive of, and at the very list colorable imitations of, the Buc-ee's Trademarks in connection with operating convenience stores and gas stations and related services, in Texas and this District. An example of the BUKYS Uses, and the "BUKYS" name as used by Defendant is shown below:

5



Other examples of Defendant's improper use of the name, including in other variations, also exist.

17.     Defendant's BUKYS Uses, including but not limited to the representation shown above, in connection with convenience stores and gas stations and related services, including in Texas and this District, infringes, dilutes and violates the iconic Buc-ee's Trademarks. Defendant, among other things, improperly uses a word and stylization that includes one or more of (a) the word "BUKYS" just like Buc-ee's trademark "Buc-ee's," and (b) the word "BUKYS" in enlarged red, stylized block letters with the first letter "B" and the last letter "S" emphasized from the other letters, and the word in a generally arced shape, just like Buc-ee's.

18.     Buc-ee's used the Buc-ee's Trademarks extensively, continuously, and substantially exclusively before Defendant began its infringing use of confusingly similar marks.

19.     Defendant's actions have and will continue to result in direct, substantial overlap with Buc-ee's current customer base within this District and the State of Texas, as well as overlap between the parties' channels of trade.

20.     Defendant's actions are unfair and unlawful. Defendant's intentional and unauthorized actions further constitute infringement and dilution of the Buc-ee's Trademarks, and

an attempt to unfairly compete in violation of federal and state law, and constitute statutory and common law trademark infringement, dilution, and unfair competition, and unjust enrichment.

### General Allegations – Injury to Buc-ee's

21. Defendant's unauthorized use of marks confusingly similar to the Buc-ee's Trademarks will allow Defendant to receive the benefit of the goodwill built up at the great labor and expense by Buc-ee's in the Buc-ee's Trademarks, and further will allow Defendant to gain acceptance for their products and services based not on their own merits, but on an association with the reputation and goodwill of Buc-ee's.

22. Defendant's unauthorized use of marks confusingly similar to the Buc-ee's Trademarks constitutes an invasion of Buc-ee's valuable property rights in a manner that unjustly enriches Defendant.

23. Defendant's use of marks confusingly similar to the Buc-ee's Trademarks, and in relation to the same services and/or products as Buc-ee's, falsely indicates to the purchasing public that Defendant and/or its products and/or services are in some manner connected with, sponsored by, affiliated with, or related to Buc-ee's and/or its products and/or services.

24. Use by Defendant of marks confusingly similar to the Buc-ee's Trademarks places the valuable reputation and goodwill of Buc-ee's in the hands of Defendant, over whom Buc-ee's has no control.

25. The above-mentioned activities of Defendant are likely to cause confusion, or to cause mistake, or to deceive customers or potential customers wishing to purchase services or products sponsored by, associated with, or affiliated with Buc-ee's.

26. The Buc-ee's Trademarks are famous, distinctive and are entitled to protection under Texas and federal law. Buc-ee's has extensively, continuously and substantially exclusively

promoted and used the Buc-ee's Trademarks for years in the State of Texas and elsewhere. Through that extensive, substantially exclusive and continuous use, the Buc-ee's Trademarks have become a famous and well-known indicator of the origin and quality of Buc-ee's products and services, and the Buc-ee's Trademarks are widely recognized by the public, including the public throughout Texas and in geographic areas of Texas, including this District, as a designation of source. The Buc-ee's Trademarks have also acquired substantial secondary meaning in Texas and elsewhere. Moreover, the Buc-ee's Trademarks became famous and acquired secondary meaning before Defendant commenced use of marks that are copies of, or at least colorable imitations of and confusingly similar to, the Buc-ee's Trademarks.

27. Accordingly, this action is being brought to prevent any further violations of the Buc-ee's Trademarks under federal and Texas law and to compensate Buc-ee's for the harm caused by Defendant's actions and any future actions.

## Count I:
## Trademark Infringement in Violation of Tex. Bus. & Com. Code § 16.102

28. Buc-ee's realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

29. Defendant's actions described above constitute trademark infringement of Buc-ee's Texas state registrations, in violation of Texas Business & Commerce Code § 16.102. Defendant's use of marks confusingly similar to Buc-ee's Texas state registrations comprising the "Buc-ee's" name is likely to deceive or cause confusion or mistake as to the source or origin of Defendant's goods and/or services.

30. On information and belief, Defendant's infringing conduct has been performed with actual knowledge of Buc-ee's rights, and/or in bad faith, and with willful and deliberate intent to trade on Buc-ee's substantial recognition, reputation, and goodwill.

31. Defendant has infringed and continues to infringe the Buc-ee's Texas state registrations. Because of Defendant's infringement, Buc-ee's has been injured and damaged, and is entitled to injunctive relief, and is further entitled to recover damages, profits, enhanced profits and damages, and its attorney's fees, pursuant to Texas Business & Commerce Code § 16.102.

## Count II:
## Trademark Dilution in Violation of Tex. Bus. & Com. Code § 16.103

32. Buc-ee's realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

33. Based on the activities described above, Defendant has diluted and continues to dilute the Buc-ee's Trademarks under §16.103 of the Texas Business & Commerce Code.

34. Defendant's acts complained of above are likely to injure Buc-ee's business reputation and/or are likely to dilute the famous, distinctive quality of the Buc-ee's Trademarks, at least by eroding the public's identification of Buc-ee's famous Buc-ee's Trademarks with Buc-ee's, by lessening the capacity of Buc-ee's famous Buc-ee's Trademarks to identify and distinguish Buc-ee's products and services, and by impairing the distinctiveness of Buc-ee's famous Buc-ee's Trademarks.

35. Defendant's unauthorized activities are likely to weaken or otherwise jeopardize Buc-ee's highly valuable rights. Pursuant to Texas Business & Commerce Code § 16.103, Buc-ee's is entitled to bring this action to enjoin Defendant from injuring Buc-ee's business reputation or diluting the distinctive quality of the Buc-ee's Trademarks.

36. On information and belief, Defendant's dilution of the Buc-ee's Trademarks has been willful and intentional.

37. Buc-ee's is entitled to injunctive relief, and due to Defendant's willful and intentional dilutions, Buc-ee's is also entitled to recover at least damages, profits, enhanced profits

and damages, as well as an award of Buc-ee's reasonable attorneys' fees.

## Count III:
## Trademark Infringement Under § 32 of the Lanham Act, 15 U.S.C. § 1114

38.     Buc-ee's realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

39.     Based on the activities described above, Defendant has infringed and will continue to infringe the Buc-ee's Trademarks that are federally registered under § 32 of the Lanham Act, 15 U.S.C. § 1114.  Defendant's use of marks confusingly similar to the Buc-ee's Trademarks is likely to cause confusion, or to cause mistake, or to deceive.

40.     On information and belief, Defendant's infringing conduct has been performed with actual knowledge of Buc-ee's rights, and/or in bad faith, and with willful and deliberate intent to trade on Buc-ee's substantial recognition, reputation, and goodwill.

41.     Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least Defendant's profits, actual damages, enhanced profits and damages, costs, and Buc-ee's reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

## Count IV:
## Trademark Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

42.     Buc-ee's realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

43.     Defendant's use of marks confusingly similar to the Buc-ee's Trademarks violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing the Buc-ee's Trademarks. Defendant's use of marks confusingly similar to the Buc-ee's Trademarks is likely to cause confusion, mistake or deception as to the affiliation, connection, and/or association of Defendant with Buc-ee's and/or as to the origin, sponsorship, and/or approval of Defendant's goods and/or services.

44. The Buc-ee's Trademarks are entitled to protection under the Lanham Act. Buc-ee's has extensively and continuously promoted and used its trademarks in Texas and elsewhere. Through that extensive and continuous use, the Buc-ee's Trademarks have become well-known indicators of the origin and quality of Buc-ee's products and services. The Buc-ee's Trademarks have also acquired substantial secondary meaning in Texas and elsewhere.

45. On information and belief, Defendant's infringing conduct has been performed with actual knowledge of Buc-ee's rights, and/or in bad faith, and with willful and deliberate intent to trade on Buc-ee's substantial recognition, reputation, and goodwill.

46. Buc-ee's is entitled to injunctive relief, and Buc-ee's is entitled to recover at least Defendant's profits, Buc-ee's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count V:
## Unfair Competition and False Designation of Origin Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

47. Buc-ee's realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

48. Defendant's use of marks confusingly similar to the Buc-ee's Trademarks, in direct competition with Buc-ee's, violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitutes unfair competition and false designation of origin, at least because Defendant has obtained an unfair advantage as compared to Buc-ee's through its use of marks confusingly similar to the Buc-ee's Trademarks, and because such use is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of Defendant and its products and/or services, at least by creating the false and misleading impression that Defendant's use the marks is authorized by or otherwise associated with Buc-ee's.

49. The Buc-ee's Trademarks are entitled to protection under the Lanham Act. Buc-ee's has extensively and continuously promoted and used its trademarks in Texas and elsewhere. Through that extensive and continuous use, the Buc-ee's Trademarks have become well-known indicators of the origin and quality of Buc-ee's products and services. The Buc-ee's Trademarks have also acquired substantial secondary meaning in Texas and elsewhere.

50. On information and belief, Defendant's infringing conduct has been performed with actual knowledge of Buc-ee's rights, and/or in bad faith, and with willful and deliberate intent to trade on Buc-ee's substantial recognition, reputation, and goodwill.

51. Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least Defendant's profits, Buc-ee's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count VI:
## Common Law Trademark Infringement

52. Buc-ee's realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

53. Defendant's acts complained of above constitute common law trademark infringement.

54. On information and belief, Defendant's infringing conduct has been performed with actual knowledge of Buc-ee's rights, and/or in bad faith, and with willful and deliberate intent to trade on Buc-ee's substantial recognition, reputation, and goodwill.

55. Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least Buc-ee's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

## Count VII:
## Common Law Unfair Competition

56. Buc-ee's realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

57. Defendant's acts complained of above constitute unfair competition under common law, at least because Defendant's acts have allowed it to obtain an unfair advantage as compared to Buc-ee's.

58. Buc-ee's continuous promotion and creation of goodwill in the Buc-ee's Trademarks required extensive time, labor, effort, skill, and money. Defendant has wrongfully used and is wrongfully using marks confusingly similar to the Buc-ee's Trademarks in competition with Buc-ee's, and has gained and is gaining a wrongful benefit by undue advantage. Defendant has not been burdened with the expenses incurred by Buc-ee's. Defendant is obtaining the resulting benefits for its own business and/or products.

59. On information and belief, Defendant's conduct has been performed with actual knowledge of Buc-ee's rights, and/or in bad faith, and with willful and deliberate intent to trade on Buc-ee's substantial recognition, reputation, and goodwill.

60. Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least Buc-ee's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

## Count VIII:
## Unjust Enrichment

61. Buc-ee's realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

62. Defendant's acts complained of above constitute unjust enrichment, at least because Defendant has wrongfully obtained benefits at Buc-ee's expense and operated with an undue advantage.

63. Buc-ee's continuous promotion and creation of goodwill in the Buc-ee's Trademarks required extensive time, labor, effort, skill, and money. Defendant has wrongfully used and is wrongfully using marks confusingly similar to the Buc-ee's Trademarks in competition with Buc-ee's, and has gained and is gaining a wrongful benefit by undue advantage. Defendant has not been burdened with the expenses incurred by Buc-ee's. Defendant is obtaining the resulting benefits for its own business and products.

64. On information and belief, Defendant's conduct has been performed with actual knowledge of Buc-ee's rights, and/or in bad faith, and with willful and deliberate intent to trade on Buc-ee's substantial recognition, reputation, and goodwill.

65. Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least Defendant's profits.

## Application for Injunction

66. Buc-ee's realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

67. There is a substantial likelihood that Buc-ee's will prevail on its claims against Defendant, based on its intentional uses of marks confusingly similar to the Buc-ee's Trademarks in connection with the promotion and sale of similar or identical services and goods, in the same markets and channels of trade, and with the same customers.

68. Defendant's actions complained of above are jeopardizing, and, if allowed to proceed, will continue to jeopardize the goodwill of Buc-ee's in its valuable brand, concept, and

trademarks. Such acts have caused, are causing and will continue to cause, irreparable injury to Buc-ee's and the consuming public, and the threatened injury outweighs any hypothetical damage that the proposed injunction may cause Defendant. Finally, the public interest favors the issuance of an injunction in this case.

69. Unless the acts of Defendant complained of above are restrained by this Court, they will be continued and will continue to cause irreparable injury to Buc-ee's and to the public, for which there is no adequate remedy at law.

70. Buc-ee's seeks an injunction against Defendant, prohibiting it from any and all use of any of the Buc-ee's Trademarks, and any other Buc-ee's marks, and any names and/or logos that are confusingly similar, including in name, typeface, font, color, or appearance, to the Buc-ee's Trademarks, or any other Buc-ee's marks, names, and/or logos, or any derivation thereof, directly or indirectly, for itself, or through, on behalf of, or in conjunction with the promotion or sale or offer of sale of any goods or services by Defendant that are identical or similar to goods or services by Buc-ee's.

## **Demand for Jury Trial**

71. Buc-ee's hereby demands a jury trial on all issues so triable.

## **Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1. Judgment that Defendant has: (i) infringed the Buc-ee's Trademarks in violation of § 16.102 of the Texas Business and Commerce Code; (ii) diluted the Buc-ee's Trademarks in violation of § 16.103 of the Texas Business and Commerce Code; (iii) infringed the Buc-ee's Trademarks in violation of § 1114 of Title 15 in the United States Code; (iv) infringed the Buc-ee's Trademarks in violation of § 1125(a) of Title 15 in the United States Code; (v) engaged in

unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (vi) violated Buc-ee's common law rights in the Buc-ee's Trademarks; (vii) engaged in common law unfair competition; and (viii) been unjustly enriched at Buc-ee's expense, and that all of these wrongful activities by Defendant were willful and intentional;

2. An injunction against further infringement and dilution of the Buc-ee's Trademarks, further acts of unfair competition, and unjust enrichment, by Defendant, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from any use of a copy, reproduction, or colorable imitation of the Buc-ee's Trademarks, pursuant to at least Texas Business and Commerce Code §§ 16.102, 16.103 and 16.104, and 15 U.S.C. § 1116;

3. An award of Defendant's profits, Buc-ee's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least Texas Business and Commerce Code §§ 16.102, 16.103 and 16.104, and 15 U.S.C. §§ 1114, 1116, 1117, and 1125(a);

4. An Order directing Defendant's removal of all references to BUKYS and any term that is confusingly similar to the Buc-ee's Trademarks and directing destruction of all signs, labels, wrappers, advertisements, including on the Internet, and products in the possession, custody or control of Defendant that include the term BUKYS and any term that is confusingly similar to the Buc-ee's Trademarks, pursuant to at least 15 U.S.C. §1118; and

5. Such other and further relief as this Court deems appropriate.

Dated: October 20, 2021   Respectfully submitted,

By: */s/ Trenton L. Menning*

Trenton L. Menning
Attorney-in-Charge
Texas Bar No. 24041473
S.D. Tex. Bar No. 934494
Senior Counsel
**BUC-EE'S, LTD.**
11200 W. Broadway, Suite #2332
Pearland, Texas 77584
Telephone: (346) 774-2257
Fax: (979) 230-2969
trent.menning@buc-ees.com

**ATTORNEYS FOR PLAINTIFF BUC-EE'S, LTD.**